IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CRYSTAL L. GALLAGHER,

    Defendant.

Case No. 2:18-CR-20036-JAR-2

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Crystal L. Gallagher's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 88). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.    Facts**

On February 4, 2020, Defendant pled guilty to Count I of the Second Superseding Indictment; namely, conspiracy with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1]

Defendant's Presentence Investigation Report assigned Defendant two status points resulting in a total criminal history score of eight and a criminal history category of IV.[2] Defendant's total offense level was 37 and Defendant's guideline range of imprisonment was

---

[1] Doc. 55.

[2] *See* PSR, Doc. 61 ¶¶ 48-50.

calculated at 292—365 months.[3]  On April 7, 2021, the Court sentenced Defendant to 120 months' imprisonment.[4]

On March 5, 2024, Defendant filed the instant motion seeking a reduction in her sentence.[5]

**II.     Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[6]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[7]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[8]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[9]

**III.    Discussion**

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

---

[3] *Id.* at ¶ 78.

[4] Doc. 78.

[5] Doc. 88.

[6] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[7] *See* 18 U.S.C. § 3582(c)(2).

[8] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[9] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

2

Defendant does not maintain that she is a "Zero-Point Offender." The government correctly notes that Defendant's total criminal history score was eight.[10] Thus, the Court need not analyze the U.S.S.G. § 4C1.1(a) factors.

Instead, it appears that Defendant seeks relief pursuant to Amendment 821's Part A, which limits the criminal history impact of "Status Points" in U.S.S.G. § 4A1.1. Of note, the relevant change removed U.S.S.G. § 4A1.1(d) —which added two criminal history points if the relevant offense was committed while under a criminal justice sentence — and replaced it with U.S.S.G. § 4A1.1(e), which adds one criminal history point if a defendant receives seven or more points in the previous subsections, and, additionally, committed the instant offense while under a criminal justice sentence.[11]

The government acknowledges that although Defendant received a 2-point increase in the presentence investigation report, under the amended guideline, she would receive no status points, resulting in a criminal history score of six and a criminal history category of III.[12] Accordingly, Defendant's amended guideline imprisonment range would be 262–327.[13]

The Court cannot provide Defendant's requested relief because she was sentenced to the statutory mandatory minimum sentence, which is well below the low-end of the amended guideline range.[14]

---

[10] *See* PSR, Doc. 61 ¶ 50.

[11] *See* U.S.S.G. § 4A1.1(e).

[12] Doc. 89 at 2–3.

[13] *Id.* at 3.

[14] U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range . . . .").

In short, Defendant's request for a sentence reduction is not authorized; the Court lacks jurisdiction to reduce her sentence.[15]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 88) is **dismissed**.

**IT IS SO ORDERED.**

Dated: <u>April 9, 2024</u>

                                        <u>s/ Julie A. Robinson</u>
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[15] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).